UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

YI BIAO LIN.,

                              Plaintiff,


          -against-


KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and
TODD M. LYONS, Acting Director of U.S. Immigration and
Customs Enforcement,

                              Defendants.

-------------------------------------------------------------------X

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Yi Biao Lin ("Plaintiff"), by and through undersigned counsel, alleges as follows:


**INTRODUCTION**

1. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §701 et seq., and challenges the unlawful denial of Plaintiff's Form I-485 Application to Register Permanent Residence or Adjust Status.

2. U.S. Citizenship and Immigration Services ("USCIS") denied Plaintiff's Form I-485 based upon the erroneous conclusion that Plaintiff is subject to a final order of removal entered on December 17, 1998.

3. USCIS further denied Plaintiff's subsequent Form I-290B Motion to Reopen and Motion to Reconsider despite documentary evidence demonstrating that the removal order at issue was issued under a different alien registration number ("A-number").

4. Plaintiff's true and authentic A-number is A071-995-781, assigned by the Immigration and Naturalization Service ("INS") following Plaintiff's Deferred Inspection processing after entry through John F. Kennedy International Airport on November 7, 1991.

5. The removal order relied upon by USCIS was issued under separate A-number A070-906-837, which was created through filings made by third-party immigration service agencies without Plaintiff's informed authorization or understanding.

6. No Notice to Appear ("NTA") was ever issued or filed against Plaintiff under A071-995-781.

7. USCIS nevertheless improperly attributed the unrelated removal order to Plaintiff and concluded that jurisdiction over Plaintiff's adjustment application rested exclusively with EOIR.

8. USCIS's actions are arbitrary, capricious, contrary to law, unsupported by substantial evidence, and constitute abuse of discretion under the Administrative Procedure Act, 5 U.S.C. §706(2).

9. Plaintiff seeks declaratory and injunctive relief vacating the unlawful agency decisions and remanding Plaintiff's adjustment application for adjudication under the correct legal standard and proper A-number.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to:
    a. 28 U.S.C. §1331;
    b. 5 U.S.C. §§701–706;
    c. 28 U.S.C. §2201; and
    d. 28 U.S.C. §1361.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(e) because substantial events giving rise to this action occurred within this District.

12. USCIS adjudicated the challenged decisions through the New York Field Office located at 26 Federal Plaza, New York, New York.

13. Plaintiff's immigration proceedings, agency records, and related administrative actions are connected to this District.

## PARTIES

14. Plaintiff Yi Biao Lin is a citizen of the People's Republic of China currently residing in New York.

15. Plaintiff entered the United States on November 7, 1991 through JFK Airport in New York.

16. Plaintiff has no known criminal history and has resided continuously and peacefully in the United States for more than three decades.

17. Defendant Kristi Noem is sued in her official capacity as Secretary of the Department of Homeland Security.

18. Defendant U.S. Citizenship and Immigration Services is an agency of the United States responsible for adjudicating immigration benefits including adjustment-of-status applications.

19. Defendant Todd M. Lyons is sued in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Entry Into the United States

20. Plaintiff lawfully presented himself to immigration authorities at JFK Airport on November 7, 1991.

21. INS processed Plaintiff through Deferred Inspection procedures and issued Plaintiff Form I-546/I-94 containing A-number A071-995-781.

22. Plaintiff was fingerprinted, photographed, and permitted to enter the United States following Deferred Inspection processing.

23. Plaintiff's Deferred Inspection records constitute the original and authentic DHS records associated with Plaintiff's entry.

### B. Multiple Incorrect A-Numbers Were Created by Third Parties

24. During the early 1990s, Plaintiff sought assistance from immigration service agencies located in New York City because Plaintiff did not speak English and did not understand immigration procedures.

25. These agencies prepared and submitted immigration-related filings without properly explaining the contents to Plaintiff.

26. Plaintiff was instructed to sign blank forms and was informed that the filings were necessary to obtain employment authorization.

27. As a result of those filings, multiple erroneous A-numbers were generated, including:

    a.  A070-906-837;

    b.  A073-568-221; and

    c.  A101-204-570.

28. Plaintiff did not knowingly create or authorize the use of multiple A-numbers.

29. Employment Authorization Documents were later issued under several of the erroneous A-numbers.

## C. Removal Proceedings Were Not Initiated Under Plaintiff's True A-Number

30. Plaintiff later discovered through FOIA records that removal proceedings had allegedly been initiated under A070-906-837.

31. The Immigration Judge removal order dated December 17, 1998 was issued under A070-906-837.

32. No removal proceedings were ever initiated under Plaintiff's authentic A-number A071-995-781.

33. No Notice to Appear was ever filed against Plaintiff under A071-995-781.

34. Plaintiff never received notice of any hearing associated with A071-995-781.

35. Plaintiff never knowingly authorized any attorney associated with proceedings under the erroneous A-number.

## D. USCIS Denied Plaintiff's Adjustment Application

36. Plaintiff's United States citizen daughter filed an I-130 immigrant petition on Plaintiff's behalf.

37. USCIS approved the I-130 petition.

38. Plaintiff thereafter filed Form I-485 seeking adjustment of status.

39. On October 20, 2025, USCIS denied Plaintiff's adjustment application after concluding that an Immigration Judge had entered a final removal order against Plaintiff.

40. USCIS improperly attributed the removal order under A070-906-837 to Plaintiff's true A-number A071-995-781.

41. Plaintiff thereafter filed Form I-290B Motion to Reopen and Motion to Reconsider.

42. Plaintiff submitted:

    a.  Deferred Inspection records;

b. fingerprint records;

c. Employment Authorization Documents;

d. the Immigration Judge order;

e. tax records; and

f. sworn affidavit testimony.

43. Despite the evidence submitted, USCIS denied Plaintiff's Form I-290B using generalized and conclusory reasoning that failed to meaningfully address the central factual and legal issues raised in Plaintiff's motion, including the discrepancy between Plaintiff's true A-number A071-995-781 and the separate A-number associated with the 1998 removal order. USCIS further asserted that Plaintiff failed to present sufficient new evidence and legal authority, despite Plaintiff's submission of Deferred Inspection records, fingerprint records, Employment Authorization Documents, sworn affidavit testimony, and the Immigration Judge order itself.

44. Plaintiff has exhausted all reasonably available administrative remedies by filing Form I-290B Motion to Reopen and Motion to Reconsider, which USCIS denied.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## 5 U.S.C. §706(2)(A)

45. Plaintiff repeats and realleges all preceding paragraphs.

46. USCIS's denial of Plaintiff's Form I-485 and Form I-290B constitute final agency action reviewable under the APA.

47. Defendants acted arbitrarily, capriciously, contrary to law, and abused their discretion by:

a. attributing a removal order issued under A070-906-837 to Plaintiff's true A-number A071-995-781;

b. failing to distinguish unrelated A-files;

c. disregarding documentary evidence submitted by Plaintiff;

d. concluding that EOIR possessed jurisdiction despite the absence of any NTA filed under Plaintiff's authentic A-number; and

e. misapplying 8 C.F.R. §§245.2(a)(1), 245.1(c)(8)(ii), and 1245.2(a)(1).

48. Defendants failed to articulate a rational connection between the facts found and the conclusions reached.

49. Defendants relied upon an inaccurate administrative record.

50. Defendants' actions were unsupported by substantial evidence.

51. Plaintiff has suffered and continues to suffer legal prejudice as a result of Defendants' unlawful actions.

## COUNT II

## DECLARATORY RELIEF

## 28 U.S.C. §2201

52. Plaintiff repeats and realleges all preceding paragraphs.

53. An actual controversy exists between the parties concerning whether USCIS unlawfully denied Plaintiff's adjustment application by relying upon an unrelated removal order.

54. Plaintiff seeks a declaration that Defendants' actions violated federal law and the Administrative Procedure Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendants' actions unlawful under the Administrative Procedure Act;

B. Vacate USCIS's denial of Plaintiff's Form I-485;

C. Vacate USCIS's denial of Plaintiff's Form I-290B;

D. Remand Plaintiff's adjustment application to USCIS for adjudication under the correct legal standard and proper A-number;

E. Stay Plaintiff's removal pending resolution of this action;

F. Award attorneys' fees and costs as permitted by law; and

G. Grant such further relief as the Court deems just and proper.

Dated: New York, New York

Respectfully submitted,

LAW OFFICE OF JOSE MUNIZ, ESQ.
*Attorney for Plaintiff*

  /s/  Jose A. Muniz
Jose Muniz, Esq.
39-15 Main Street – Suite 318
Flushing, NY 11354
(646) 750-2185
jamlaw305@gmail.com