UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YI BIAO LIN,

                         Plaintiff,

             -against-

KRISTI NOEM, Secretary,

U.S. Department of Homeland Security;

U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and

TODD M. LYONS, Acting Director of U.S. Immigration and

Customs Enforcement,

                        Defendants.
------------------------------------------------------------------------X

Case No.: 1:26-cv-04307

## MEMO ENDORSED (p. 6)

**NOTICE OF EMERGENCY MOTION FOR STAY OF REMOVAL**

PLEASE TAKE NOTICE that upon the accompanying Complaint, Memorandum of Law, Affidavit of Yi Biao Lin, exhibits annexed thereto, and all prior proceedings herein, Plaintiff will move this Court before the Honorable United States District Judge at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, for an Order:

1. Staying Plaintiff's removal from the United States pending adjudication of this action;

2. Enjoining Defendants from arresting, detaining, transferring, or removing Plaintiff during the pendency of this litigation;

3. Granting temporary, preliminary, and permanent injunctive relief as necessary to preserve the status quo pending judicial review;

4. Awarding such other and further relief as this Court deems just and proper.

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR STAY OF REMOVAL PENDING JUDICIAL REVIEW**

Plaintiff Yi Biao Lin ("Plaintiff"), by and through undersigned counsel, respectfully submits this Memorandum of Law in support of Plaintiff's Emergency Motion for Stay of Removal pending adjudication of the accompanying Administrative Procedure Act action.

**PRELIMINARY STATEMENT**

This action arises from USCIS's denial of Plaintiff's Form I-485 Application to Register Permanent Residence or Adjust Status and subsequent denial of Plaintiff's Form I-290B Motion to Reopen and Motion to Reconsider.

USCIS denied Plaintiff's application after concluding that Plaintiff was subject to a final order of removal entered on December 17, 1998.

However, the administrative record demonstrates that the removal order relied upon by USCIS was issued under a different A-number, namely A070-906-837, and not Plaintiff's authentic DHS-issued A-number A071-995-781.

Despite documentary evidence establishing the discrepancy—including Deferred Inspection records, fingerprint records, Employment Authorization Documents, and the Immigration Judge order itself—USCIS improperly attributed the unrelated removal order to Plaintiff and concluded that jurisdiction over Plaintiff's adjustment application rested exclusively with EOIR.

Plaintiff now seeks judicial review under the Administrative Procedure Act, 5 U.S.C. §701 et seq.

Absent immediate injunctive relief, Plaintiff faces irreparable harm, including detention and removal before this Court may adjudicate the legality of Defendants' actions.

**STATEMENT OF FACTS**

**A. Plaintiff's Entry and Deferred Inspection Processing**

Plaintiff entered the United States through John F. Kennedy International Airport on November 7, 1991.

INS processed Plaintiff through Deferred Inspection procedures and issued Plaintiff Form I-546/I-94 bearing A-number A071-995-781.

Plaintiff was fingerprinted, photographed, and permitted to enter the United States following Deferred Inspection processing.

**B. Multiple Incorrect A-Numbers Were Created**

During the early 1990s, Plaintiff sought assistance from immigration service agencies because Plaintiff did not speak English and lacked understanding of immigration procedures.

Those agencies prepared filings on Plaintiff's behalf without properly explaining the contents and instructed Plaintiff to sign blank forms.

As a result, multiple erroneous A-numbers were generated, including:

   a) A070-906-837;
   b) A073-568-221; and
   c) A101-204-570.

**C. The Removal Order Was Issued Under a Different A-Number**

Plaintiff later discovered through FOIA records that removal proceedings had allegedly been initiated under A070-906-837.

The Immigration Judge removal order dated December 17, 1998 was issued under that A-number.

No Notice to Appear was ever filed against Plaintiff under A071-995-781.

Nevertheless, USCIS attributed the unrelated removal order to Plaintiff during adjudication of Plaintiff's I-485 and I-290B.

**LEGAL STANDARD**

Federal courts possess authority to issue temporary restraining orders and preliminary injunctive relief pursuant to:

   a) Fed. R. Civ. P. 65;
   b) 28 U.S.C. §1651;
   c) and the Court's inherent equitable powers.
   d) Plaintiff seeks relief under the Administrative Procedure Act, which authorizes courts to set aside agency action that is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. 5 U.S.C. §706(2).

A stay is appropriate where Plaintiff demonstrates:

   1. likelihood of success on the merits;
   2. irreparable harm absent relief;
   3. balance of equities in Plaintiff's favor; and

4. consistency with the public interest.

**ARGUMENT**

## I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff is likely to succeed because Defendants' actions were arbitrary, capricious, contrary to law, and unsupported by substantial evidence.

USCIS improperly attributed a removal order issued under A070-906-837 to Plaintiff's authentic A-number A071-995-781.

USCIS further failed to distinguish unrelated A-files and disregarded documentary evidence submitted with Plaintiff's Form I-290B.

No Notice to Appear was ever filed against Plaintiff under A071-995-781.

Accordingly, USCIS improperly concluded that EOIR possessed jurisdiction over Plaintiff's adjustment application.

Such actions violate the Administrative Procedure Act, 5 U.S.C. §706(2).

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT A STAY

Plaintiff has resided continuously in the United States since November 7, 1991.

Plaintiff's wife is a lawful permanent resident and Plaintiff's daughters are United States citizens.

Plaintiff has filed taxes in the United States for decades and established substantial family and community ties.

Removal prior to judicial review would permanently separate Plaintiff from his family and effectively deprive Plaintiff of meaningful judicial review.

Once removed, Plaintiff's ability to pursue adjustment of status and litigate this action would be severely prejudiced.

Plaintiff remains subject to enforcement and removal based upon the disputed removal order during the pendency of this litigation.

Such injuries constitute irreparable harm.

## III. THE BALANCE OF EQUITIES FAVORS PLAINTIFF

The balance of hardships strongly favors Plaintiff.

Defendants will suffer little or no prejudice from maintaining the status quo pending judicial review.

By contrast, Plaintiff faces family separation, detention, removal, and loss of statutory immigration benefits absent relief.

## IV. THE PUBLIC INTEREST SUPPORTS INJUNCTIVE RELIEF

The public possesses a strong interest in lawful agency action and accurate administrative adjudication.

The public also has a substantial interest in ensuring that immigration decisions are not based upon mistaken identity records, improperly merged A-files, or erroneous jurisdictional determinations.

Accordingly, the public interest favors issuance of a stay.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Stay Plaintiff's removal pending adjudication of this action;
2. Enjoin Defendants from arresting, detaining, transferring, or removing Plaintiff during the pendency of this litigation;
3. Grant temporary, preliminary, and permanent injunctive relief preserving the status quo pending judicial review; and
4. Grant such further relief as the Court deems just and proper.

Dated: New York, New York

Respectfully submitted,

LAW OFFICE OF JOSE MUNIZ, ESQ.
*Attorney for Plaintiff*

 /s/  Jose A. Muniz
Jose Muniz, Esq.
39-15 Main Street – Suite 318
Flushing, NY 11354
(646) 750-2185
jamlaw305@gmail.com

Application DENIED without prejudice.  Plaintiff seeks "an Order . . . [g]ranting temporary, preliminary, and permanent injunctive relief."  ECF No. 2 at 1.  Pursuant to this Court's Individual Rules and Practices in Civil Cases, "[a]ny party wishing to seek a temporary restraining order should file a motion for a temporary restraining order, supporting documents, and a proposed order on ECF in accordance with the procedures in the S.D.N.Y. Electronic Case Filing Rules and Instructions."  Indiv. R. 4.A.  Plaintiff's motion is currently filed on ECF as a Motion to Stay.  Moreover, Plaintiff did not include a proposed order in his submission.  *See* ECF No. 2.  This Court's Individual Rules further state that, "[i]n addition to filing the proposed temporary restraining order in accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, the movant shall file a letter-motion stating whether . . . [t]he adversary has been notified, and whether the adversary consents to temporary injunctive relief; or [t]he requirements of Federal Rule of Civil Procedure 65(b) are satisfied, and no notice is necessary."  Indiv. R. 4.C.  No such letter-motion has been filed.

To the extent that Plaintiff renews his application for emergency relief, he must do so in accordance with this Court's Individual Rules.

The Clerk of Court is directed to terminate ECF No. 2.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: June 2, 2026